# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

PAUL JOSEPH FOTHERGILL,            )
                                   )
    *Plaintiff*                    )
                                   )
v.                                 )    No. 2:11-cv-247-DBH
                                   )
MICHAEL J. ASTRUE,                 )
**Commissioner of Social Security,** )
                                   )
    *Defendant*                    )

## *REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further development.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of insulin dependent diabetes mellitus (IDDM), degenerative disc disease of the lumbar spine, and obesity, Finding 3, Record at 12; that he retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he was limited to occasional stooping, crouching,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 16, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

crawling, kneeling, balancing, and climbing ramps and stairs, could not climb ladders, ropes, and stairs, required the ability to alternate sitting and standing at will, and needed to avoid concentrated exposure to hazards, such as dangerous moving machinery and unprotected heights, Finding 5, *id*. at 15;[2] that, considering his age (43 years old, defined as a younger individual, on the alleged disability onset date), education (at least high school), work experience (work skills acquired from past relevant work), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 19; and that he, therefore, was not disabled from January 31, 2008, his alleged disability onset date, through January 28, 2011, the date of the decision, Finding 11, *id*. at 20.[3] The Decision Review Board declined to disturb the decision, *see id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform

---

[2] The administrative law judge contradictorily found that the plaintiff could only occasionally climb stairs and that he could not climb stairs at all. *See* Finding 5, Record at 15. The plaintiff has not suggested, however, that anything turns on this particular error.

[3] The plaintiff is insured for purposes of SSD benefits through December 31, 2013. *See* Finding 1, Record at 12.

work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff seeks reversal and remand on the basis that the administrative law judge found a severe impairment of obesity but then, inconsistently, failed to assess any resulting functional limitations, in contravention of Social Security Ruling 02-1p ("SSR 02-1p"). *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 7) at 2-6. He argues that his case is similar to *Kaylor v. Astrue*, No. 2:10-cv-33-GZS, 2010 WL 5776375 (D. Me. Dec. 30, 2010) (rec. dec., *aff'd* Feb. 7, 2011), in which the court reversed and remanded a decision of the commissioner on the same basis. *See id*. at 5-6. I agree.

SSR 02-1p requires an individualized assessment of the impact of obesity on a claimant's functioning. *See* SSR 02-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2012), at 257 ("An assessment should . . . be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. . . . In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea."), 257 n.5 ("The combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a

weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.").

In *Kaylor*, the court observed that "[t]he finding of a severe impairment of obesity necessarily meant that the plaintiff's obesity was determined to cause more than a slight limitation in work-related function." *Kaylor*, 2010 WL 5776375, at *3. It held that, "[i]n contravention of SSR 02-1p, the administrative law judge failed to describe how obesity affected the plaintiff's RFC." *Id*. In response to the argument of counsel for the commissioner that the plaintiff had identified only hypothetical ways in which his obesity might have affected his functioning rather than pointing to any record evidence that it did, the court ruled:

> [I]n these circumstances, the *plaintiff's* failure to identify record evidence of specific functional deficits does not render the error harmless. The administrative law judge's determination that the plaintiff's obesity was severe necessarily meant that she independently found it to impose work-related functional limitations. In the absence of any meaningful specification of those limitations, it is impossible to determine whether she incorporated them into her RFC determination or whether their absence, if any, from that determination was harmless error. This requires reversal and remand.

*Id*. (citation omitted) (emphasis in original).

At oral argument, counsel for the commissioner argued that, in this case, unlike in *Kaylor*, the administrative law judge gave sufficient consideration to obesity to shift the burden to the plaintiff to identify record evidence of specific functional deficits stemming from obesity, which, he contended, the plaintiff failed to do. He pointed to (i) the administrative law judge's finding at Step 2 of a severe impairment of obesity, (ii) her express consideration at Step 3 of the effects of obesity, (iii) her consideration at Step 4 of the impact of the plaintiff's obesity on his RFC, (iv) her reliance on the RFC opinion of a Disability Determination Services ("DDS") nonexamining consultant, Richard T. Chamberlin, M.D., who took obesity into account, and (v)

4

the further finding of the Decision Review Board, on appeal, that obesity was adequately considered.

He cited *Cox v. Astrue*, No. 2:10-cv-26-DBH, 2010 WL 5260843 (D. Me. Dec. 16, 2010) (rec. dec., *aff'd* Jan. 4, 2011), *Dana v. Astrue*, Civil No. 09-514-BW, 2010 WL 3397465 (D. Me. Aug. 24, 2010) (rec. dec., *aff'd* Sept. 13, 2010), *Kresge v. Astrue*, Civil No. 09-248-B-W, 2010 WL 2024968 (D. Me. May 18, 2010) (rec. dec., *aff'd* June 22, 2010), and *Drew v. Astrue*, Civil No. 09-363-B-W, 2010 WL 1946335 (D. Me. May 12, 2010) (rec. dec., *aff'd* June 4, 2010), as well as *Kaylor*, for the proposition that, if the administrative law judge does account for obesity, as he contended the administrative law judge did here, the burden shifts to the plaintiff to demonstrate specific additional limitations omitted by the assertedly inadequate consideration of that condition.

While, in this case, the administrative law judge purported to take into account the effects of obesity, she never actually identified any resulting functional limitations, committing the same error decried in *Kaylor*.

Her entire discussion of the impact of the plaintiff's obesity on his RFC is as follows:

> Medical records from treating and examining sources . . . indicate the claimant is moderately obese weighing at times as much as 260 pounds resulting in a body mass index of 35.1. Social Security Regulation 02-1p states that the Commissioner must consider the effect of obesity when evaluating disability. As with any other medical condition, this severe impairment impacts a claimant's ability to perform basic work-related activities. When considered in combination with his other impairment, the effects of obesity is [sic] found to be adequately safeguarded by limiting the [plaintiff] to light exertional level work.

Record at 18 (citation omitted).

In so stating, she never explained how the plaintiff's obesity affected his functioning or how a limitation to light work took into account those unspecified effects. Further, she indicated, in the context of assessing whether or not the plaintiff had an impairment or a combination of

impairments that met a so-called "Listing," that obesity had no effect beyond those caused by the plaintiff's other impairments. *See id*. at 15 ("Careful consideration has also been given to the potential effects obesity has in causing or contributing to impairments in other body systems in listings sections 1.00Q, 3.00I, and 4.00F. The undersigned finds that the combined effects of obesity with the [plaintiff's] other impairments are not greater than the effects of each of the impairments considered separately.").

While she adopted the findings of two DDS nonexamining consultants, Dr. Chamberlin and Lawrence P. Johnson, M.D., that the plaintiff was limited to light work, there is no indication that either consultant determined that light work accounted for any effects of obesity. Although, as counsel for the commissioner pointed out at oral argument, Dr. Chamberlin made a notation that he had reviewed medical records reflecting the plaintiff's weight and his diagnosis of obesity, *see id*. at 248, neither he nor Dr. Johnson identified obesity as among the plaintiff's diagnosed impairments, *see id*. at 199, 241, or stated that his RFC opinion reflected the effects of obesity, *see id*. at 199-206, 241-48.

Therefore, as in *Kaylor*, there is a finding of a severe impairment of obesity without a clarification of corresponding functional limitations or an RFC finding that can be discerned to take any obesity-related limitations into account.[4] The burden, thus, did not shift to the plaintiff to identify particular limitations omitted from the administrative law judge's RFC finding. *See Kaylor*, 2010 WL 5776375, at *3.[5]

---

[4] In declining to disturb the administrative law judge's decision, the Decision Review Board stated, in relevant part, that the administrative law judge "adequately evaluated the impact of [the plaintiff's] obesity on [his] ability to function[,]" reasoning that "[w]hile the evidence of record shows that [the plaintiff has] a moderate level of obesity with a Body Mass Index (BMI) of 35.1, the evidentiary record does not show that [his] obesity would preclude [him] from the assessed range of 'light' work consistent with the [RFC] identified in the hearing decision." Record at 1 (citation omitted). This begs the questions of what the plaintiff's obesity-related limitations were and whether substantial evidence supports the finding that they were accommodated by a restriction to light work.
[5] Caselaw cited by counsel for the commissioner is distinguishable. In *Drew*, the administrative law judge failed
*(continued on next page)*

6

Reversal and remand, accordingly, are warranted on this basis.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

even to consider whether the claimant had a severe impairment of obesity. *See Drew*, 2010 WL 1946335, at *4. As is the case generally with respect to claimed Step 2 errors, the claimant's failure to identify evidence that the ignored impairment imposed limitations on his functioning was fatal. *See id*. at *5. Here, there is no claimed Step 2 error: the administrative law judge found a severe impairment of obesity. In *Cox*, the court rebuffed a claimant's argument that the administrative law judge had failed to consider her severe impairment of obesity in any meaningful manner by rejecting certain portions of the records of her treating providers and by improperly concluding that she could perform past relevant work. *See Cox*, 2010 WL 5260843, at *1. The court further rejected the argument that the administrative law judge failed at Step 4 to credit the severe impairments found at Step 2, which the claimant argued "must have an articulable and important, limiting effect on [the claimant's] ability to perform these remaining prior jobs." *Id*. at *4 (citation and internal quotation marks omitted). Here, the claimed error is that the administrative law judge found a severe impairment of obesity with respect to which she assessed no limitations at all, in contravention of SSR 02-1p. In *Dana*, the court held that a claimant's failure to identify limitations omitted from his RFC that purportedly emanated from a mathematics disorder prevented determination of whether an error was made or whether any error might have been harmless. *See Dana*, 2010 WL 3397465, at *2. However, *Dana* was not an obesity case and, hence, did not implicate the requirements of SSR 02-1p. Counsel for the commissioner cited *Kresge* for the point that, if the burden shifted to the plaintiff to demonstrate that he had additional functional limitations attributable to obesity, he could point only to his own testimony, rather than the requisite medical evidence, to support that assertion. *See Kresge*, 2010 WL 2024968, at *7 (an RFC determination must be based on medical evidence, not credibility findings). As discussed above, the burden did not shift to the plaintiff to make that showing.

7